## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THOMAS BURKETT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ARDITH SCAMMEHORNE, et al., )<br>)<br>Defendants. )<br>_____ ) | Case No. 10-2529-MLB |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 3) and "Motion for Emergency Hearing" (Doc. 4). As explained in greater detail below, the court lacks subject matter jurisdiction; therefore, plaintiff's motion to proceed *in forma pauperis* shall be DENIED and the case is DISMISSED.

Proceeding *in forma pauperis* in a civil case is a privilege, not a right. White v. Colorado, 157 F.3d 1226, 1233 (10th Cir. 1998). Under 28 U.S.C. § 1915(a)(1), a federal court *may* authorize the commencement, prosecution or defense of any suit, action, or proceeding without the prepayment of fees by a person who lacks financial means. The decision whether to grant or deny *in forma pauperis* status under section 1915 lies within the sound discretion of the court. Cabrera v. Horgas, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. 1999)(unpublished). In addition to plaintiff's financial status, the court considers

whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(a)(1).

The court must also consider whether it has subject matter jurisdiction to hear and resolve the action. Federal courts are courts of limited jurisdiction and may exercise jurisdiction only when authorized. Pfuetze v. Kansas, 2010 WL 3892243 (D. Kan. Sept. 29, 2010). "A court lacking jurisdiction . . . must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." Laughlin v. KMART Corp., 50 F. 3d 871, 873 (10th Cir. 1995). Moreover, the court has a duty to raise and resolve subject matter jurisdiction even if the existence of jurisdiction is not challenged by a party. Id. at 873.

Because plaintiff proceeds pro se, the court construes his pleadings liberally. The "grounds" for jurisdiction set forth in plaintiff's complaint are as follows:[1]

> The Kansas Landlord Tenant Act. Sections: 58-2558[,] 58-2548 (inventory) [and] 58-2552

Consistent with plaintiff's citation to Kansas landlord-tenant statutes, plaintiff's handwritten "statement of claim" provides:

> On 4 separate occasions we were assured our rent would be $208.00 [per] month by Julie Ewing, site mgr. We moved in, found the apartment with 22 defects, lived there 11/2 mos. with no lease. The lease then came. They want $381.00 mo. We cannot afford this and

---

[1] Plaintiff utilized a form provided by the clerk's office to assist pro se litigants in formulating their complaint.

we're trapped, no where to go.

Attached to the complaint is a handwritten "complaint" filed with the National Association for the Advancement of Colored People. However, plaintiff wrote "non-discrimination– landlord tenant complaint" in response to a form question asking "who discriminated against you?" Plaintiff also attached a letter containing plaintiff's version of the disputed amount of monthly rent and a list of twenty-two defects in the apartment when he took possession.

Plaintiff and the three named defendants are all citizens of Kansas; thus, there is no diversity of citizenship under 28 U.S.C. § 1332. Moreover, plaintiff's complaint is based on Kansas landlord-tenant statutes and there is no "federal question" jurisdiction under 28 U.S.C. § 1331. Finally, plaintiff expressly disavowed any claim of "discrimination" in an attachment to his complaint. Under the circumstances, this court lacks subject matter jurisdiction to hear this matter. Accordingly, plaintiff's motion to proceed *in forma pauperis* shall be DENIED.

**IT IS THEREFORE ORDERED** that plaintiff's motion to proceed *in forma pauperis* **(Doc. 3)** is **DENIED** and his motion for an emergency hearing **(Doc. 4)** is **MOOT.** Although this case is **DISMISSED**, the dismissal is based on subject matter jurisdiction and is not a ruling on the merits of plaintiff's landlord-tenant dispute. Plaintiff is not precluded by this ruling from pursuing his action in an appropriate state court venue.

**IT IS SO ORDERED.**

Dated this _____1st_____, day of November, 2010, at Wichita, Kansas.


s/Monti Belot
Monti L. BELOT
UNITED STATES DISTRICT JUDGE